1  Derrick Talerico (State Bar No. 223763)
   dtalerico@wztslaw.com
2  WEINTRAUB ZOLKIN TALERICO & SELTH LLP
3  11766 Wilshire Boulevard, Suite 730
   Los Angeles, CA 90025
4  Telephone: (424) 500-8552

5  Proposed General Bankruptcy Counsel to
   Chapter 11 Debtor and Debtor in Possession,
6  APPLIED POWDERCOAT, LLC

7

8

9              **UNITED STATES BANKRUPTCY COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION**

11

12  In re:                                Case No. 9:25-bk-10762-RC

13  APPLIED POWDERCOAT, LLC,              Chapter 11

14        Debtor and Debtor in Possession.    Subchapter V

15                                        **MOTION TO APPROVE**
16                                        **STIPULATION FOR ENTRY OF**
                                          **ORDER AUTHORIZING USE OF**
17                                        **CASH COLLATERAL;**
                                          **DECLARATION OF OSEI APPIAGYEI**
18

19                                        Hearing:

20                                        [TO BE SET]

21                                        Judge:  Hon. Ronald Clifford III

22

23

24

25

26

27

28

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

Applied Powdercoat, LLC, a California limited liability company, the Chapter 11 debtor and debtor in possession (the "Debtor"), in the pending Chapter 11 Subchapter V bankruptcy case identified as *In Re Applied Powdercoat, LLC* (the "Bankruptcy Case" or the "Case"), hereby moves this Court for an order ("Motion") approving the *Stipulation For Entry of Order Authorizing Use of Cash Collateral* ("Stipulation") entered into with First Bank of the Lake ("FBOL," together with the Debtor, the "Parties"), a true copy which is attached as **Exhibit A** to the *Declaration of Osei Appiagyei*. In support of the Motion, the Debtor represents as follows:

## I.    INTRODUCTION

The Debtor and FBOL have stipulated to the Debtor's use of its cash collateral (as defined in the Bankruptcy Code Section 363(a) in the amount of $100,000 in accordance with the budget attached to the Stipulation (the "Budget") to allow Debtor to fund reasonable and necessary operating expenses. Specifically, the Debtor is authorized to use $100,000 of cash collateral for payroll and acquisition of inventory and may use any remaining authorized cash collateral, up to a total of $100,000, for any other items set forth in the Budget. The Debtor requires use of its Cash Collateral to fund its operations. Any disruption to its business will cause severe harm to the estate and creditor body. The Debtor therefore respectfully requests the Court grant the Motion and approve the Stipulation. The Parties are negotiating for continued use of cash collateral that the Debtor anticipates filing in the next week.

## II.    BRIEF DESCRIPTION OF THE STIPULATION

The primary terms of the Stipulation are the following:[1]

- Use of Cash Collateral. The Debtor shall be entitled to use the Cash Collateral in accordance with the Budget. Specifically, the Debtor is authorized to use $100,000 of cash collateral for payroll and acquisition of inventory and may use any remaining authorized cash collateral, up to $100,000, for any other items set forth in the Budget. Any expenditures in excess of this authorization will require a written stipulation signed

---

[1] The following list of terms does not include all terms and provisions of the Stipulation. For a list of each term and provision of the Stipulation, see Exhibit A.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

1    by Debtor and FBOL and filed with the Court. No further order of the Court shall be

2    required to approve the increase in use of Cash Collateral.  Any increased in use shall

3    be subject to the grant of Post-Petition Replacement Liens;

4    •    Replacement Liens. FBOL shall have and is hereby granted by the Debtor, effective as

5    of the Petition Date, post-petition security interests and replacement liens pursuant to

6    sections 361 and 363(e) of the Bankruptcy Code ("Post-Petition Lien") in all of the

7    Debtor's assets, including accounts receivable and inventory, and in the Debtor's DIP

8    accounts, acquired after the Petition Date to the extent of any Cash Collateral used, with

9    such liens being of the same extent, priority, and validity of FBOL's pre-petition

10    Security Interests, provided however such replacement liens shall not extend to any

11    avoiding power claims arising under the Bankruptcy Code;

12    •    Proceeds of Post-Petition Collateral. In the event that Debtor receives approval of post-

13    petition financing through the sale of accounts receivable, the Post-Petition Lien will

14    attach to the proceeds of any such sale in an amount equal in extent and priority to the

15    other post-petition liens as set forth in subparagraph 3(a).  Nothing in this Stipulation

16    shall be construed as consent by FBOL, or any waiver of rights of FBOL, regarding any

17    motion or application by Borrowers to seek Court approval for any sale or financing

18    under sections 363 or 364 of the Bankruptcy Code, or any other rights FBOL has in the

19    Security Interest, the Cash Collateral, or the Post-Petition Liens;

20    •    Automatic Perfection. Each Post-Petition Lien shall be granted, attached, perfected, and

21    validated by virtue of this Stipulation and the Order approving the same, without any

22    further act required under federal, state, or local law requiring notice, filing, registration,

23    recording, possession, or any other act to validate or perfect a security interest or lien;

24    and

25    •    Superpriority. Each Post-Petition Lien shall be granted priority in payment over any and

26    all administrative expenses of the kinds specified or ordered pursuant to any provision

27    of the Bankruptcy Code, including, without limitation, Bankruptcy Code Sections 105,

28    326, 328, 330, 331, 503(b), 507(a), 507(b), and 726, and shall at all times be senior to

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

the rights of the Debtor, and any successor trustee or any creditor in this Bankruptcy Case or any subsequent proceedings under the Bankruptcy Code, including any subsequent proceeding under Chapter 7

## III.    JURISDICTION

This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## IV.    GENERAL BACKGROUND

The Debtor commenced this Bankruptcy Case by filing an emergency petition for relief under Chapter 11 of the Bankruptcy Code on June 6, 2025 (the "Petition Date").  The Debtor continues to carry out its business operations and manage its financial affairs as a Debtor in Possession pursuant to 11 U.S.C. §§ 1107 and 1108.  John-Patrick McGinnis Fritz has been appointed as the Subchapter V Trustee in the Bankruptcy Case.  No chapter 11 trustee, examiner, or committee has been appointed in the Bankruptcy Case.

## V.    STATEMENT OF FACTS

### a.    History Of The Debtor And Its Business

The Debtor is a powdercoat application business. Powdercoating is the application of polymer resin typically to commercial parts and components to provide a color finish with protective properties.

The Debtor commenced this case because it is behind on payments to FBOL, its senior secured lender.  FBOL has a first priority lien on A/R and inventory and other assets.  FBOL brought suit against the Debtor and was poised to obtain a default in that case. In addition, creditor Expert Staffing West ("Expert Staffing") had commenced collection action on a default judgment.

### b.    The Debtor's Secured Creditors

For ease of reference, all known secured creditors (as identified by filed financing statements), along with their asserted interests, are described in the chart below. The value of all of the Debtor's assets (including accounts receivable and inventory) is less than the claim of FBOL.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

As such, FBOL is the only secured creditor whose interests are secured by accounts receivable and inventory and implicated by this Motion:[2]

| Creditor Name | Description of Collateral | UCC-1 | Date UCC-1 Filed | Estimated Claim Amount |
|---|---|---|---|---|
| First Bank of the Lake | Personal property including A/R and inventory | UCC-1 (x1933) (California) | 7/7/2022 | $1,209,372.16 |
| Applied Powdercoat, Inc. | Limited personal property | UCC-1 (x0022) (California) | 8/15/2022 | $99,651.00 |
| First Bank of the Lake | All personal property | UCC-1 (x1933) (California) | 12/21/2022 | (duplicate) |

The Applied Powdercoat, Inc. ("AP Inc.") lien is associated with seller financing extended to the Debtor when it acquired AP Inc.'s business through an asset purchase agreement in 2022. The AP Inc. lien extends to certain specified personal property and does not cover accounts receivable or inventory. FBOL is the only secured creditor with an interest in accounts receivable and inventory.

### c.    The Debtor's Assets

As of the Petition Date, Debtor had $143,200 of accounts receivable and $9,385 of cash which can be assumed to be proceeds of accounts receivable ("Cash Collateral"). Debtor requires the use of this Cash Collateral to maintain and operate its business during this Case. Debtor began using Cash Collateral at a time when FBOL had agreed to limited use of $40,000 of Cash Collateral subject to Court approval of a stipulation. Although Debtor now understands that no use of Cash Collateral was permissible absent a Court order, Debtor misunderstood the status of Cash Collateral use and has now negotiated the Stipulation to address these issues. As of July 2, 2025, Debtor had $166,000 of accounts receivable and approximately $26,000 of cash. Debtor projects its operations will generate an average of $170,000 of accounts receivable per month post-petition which will provide more than adequate collateral for replacement Post-Petition Liens to cover the Cash

---

[2] Expert Staffing filed a UCC-1 on February 3, 2025. Expert Staffing was never granted a security interest in any assets by the Debtor. A default judgment was entered against Debtor and in favor of Expert Staffing on December 18, 2024 for $277,411.81.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

Collateral proposed to be used. Given the income generated by operations, the Debtor submits that the interests of FBOL are adequately protected by the Post-Petition Liens.

### d.    The Debtor's Bankruptcy

The Debtor is negotiating with FBOL for continued use of cash collateral in-line with the Budget during this Case. The Debtor is also negotiating with its landlord, Hagan Capital LLC ("Hagan"), for post-petition rent payments and terms for post-confirmation rent terms.  The course of this Case will depend in part upon the terms Debtor can negotiate with Hagan.  If Debtor is unable to agree with Hagan on post-petition rent, the Debtor will refocus its strategy from a restructure to a sale of its business or assets.  The same is true if the Debtor cannot negotiate terms for a post-petition lease that will facilitate the long-term viability of its business.  In order to maintain the value of its business for either a restructure or a sale, the Debtor requires use of its Cash Collateral to fund its operations. Any disruption to its business will cause severe harm to the estate and creditor body.

## VI.    LEGAL AUTHORITY

The Debtor's use of property of the estate is governed by Section 363 of the Bankruptcy Code.  Section 363(c)(2) provides in pertinent part:

> (2) The trustee may not use, sell, or lease <u>cash collateral</u> under paragraph (1) of this subsection unless—
>
>> (A) each entity that has an interest in such <u>cash collateral</u> consents; or
>>
>> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).  FBOL, the only entity with an interest in Debtor's Cash Collateral, has consented to the Debtor's use of Cash Collateral in accordance with the terms of the Stipulation.

Rule 4001(d)(1)(A) of the Federal Rules of Bankruptcy Procedure provides that:

> A motion for approval of any of the following shall be accompanied by a copy of the agreement and a proposed form of order:
>
>> (iv) an agreement to use cash collateral;

Further, Rule 4001(d)(1)(B) provides that:

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

> The motion shall consist of or (if the motion is more than five pages in length) begin with a concise statement of the relief requested, not to exceed five pages, that lists or summarizes, and sets out the location within the relevant documents of, all material provision of the agreement. . . . The motion shall also describe the nature and extent of each such provision.

FRCP Rule 4001(d).

Finally, Rule 4001(d) (3) provides that:

> If no objection is filed, the court may enter an order approving or disapproving the agreement without conducting a hearing.

FRCP Rule 4001(d).

The terms of the Stipulation are clearly set out here, and the Stipulation**.** The terms of the Order reflecting the agreement of the parties are set out in the form of order attached as **Exhibit B** hereto**.**

## VII.    CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Motion be granted, and that the Court approve the Stipulation between the Debtor and FBOL (**Exhibit A**) and approve the attached Order (**Exhibit B**).

Dated:  July 7, 2025                  **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**


By:  _/s/ Derrick Talerico_____
        Derrick Talerico
        Proposed General Bankruptcy Counsel for
        Chapter 11 Debtor and Debtor in Possession
        APPLIED POWDERCOAT, LLC

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

## DECLARATION OF OSEI APPIAGYEI

I, Osei Appieagyei, hereby declare as follows:

1.      I am the managing member of The Pella Group, LLC, which in turn is the managing member of Applied Powdercoat, LLC.

2.      I make this declaration in support of the Debtors' *Motion to Approve Stipulation For Entry of Order Authorizing Use of Cash Collateral Liens* (the "Motion"). Terms not defined herein shall have the same meanings ascribed to them in the Motion.

3.      The Debtor is a powdercoat application business. Powdercoating is the application of polymer resin typically to commercial parts and components to provide a color finish with protective properties.

4.      The Debtor commenced this case because it is behind on payments to First Bank of the Lake ("FBOL"), its senior secured lender. FBOL has a first priority lien on A/R and inventory and other assets. FBOL brought suit against the Debtor and was poised to obtain a default in that case. In addition, creditor Expert Staffing West ("Expert Staffing") had commenced collection action on a default judgment.

5.      The Debtor and FBOL have stipulated to the Debtor's use of its cash collateral (as defined in the Bankruptcy Code Section 363(a) in the amount of $100,000 pursuant to the Stipulation attached to the Motion as Exhibit A and the budget attached to the Stipulation (the "Budget") to allow Debtor to fund reasonable and necessary operating expenses. Specifically, the Debtor is authorized to use $100,000 of cash collateral for payroll and acquisition of inventory and may use any remaining authorized cash collateral, up to a total of $100,000, for any other items set forth in the Budget. The Debtor requires use of its Cash Collateral to fund its operations. Any disruption to its business will cause severe harm to the estate and creditor body. The Stipulation and Budget attached to the Motion are true and correct copies of those documents.

6.      For ease of reference, all known secured creditors (as identified by filed financing statements), along with their asserted interests, are described in the chart below. The value of all of the Debtor's assets (including accounts receivable and inventory) is less than the claim of FBOL.

As such, FBOL is the only secured creditor whose interests are secured by accounts receivable and inventory and implicated by this Motion:[3]

| Creditor Name | Description of Collateral | UCC-1 | Date UCC-1 Filed | Estimated Claim Amount |
|---|---|---|---|---|
| First Bank of the Lake | Personal property including A/R and inventory | UCC-1 (x1933) (California) | 7/7/2022 | $1,209,372.16 |
| Applied Powdercoat, Inc. | Limited personal property | UCC-1 (x0022) (California) | 8/15/2022 | $99,651.00 |
| First Bank of the Lake | All personal property | UCC-1 (x1933) (California) | 12/21/2022 | (duplicate) |

The Applied Powdercoat, Inc. ("AP Inc.") lien is associated with seller financing extended to Debtor when it acquired AP Inc.'s business through an asset purchase agreement in 2022. The AP Inc. lien extends to certain specified personal property and does not cover accounts receivable or inventory. FBOL is the only secured creditor with an interest in accounts receivable and inventory.

7.    As of the Petition Date, Debtor had $143,200 of accounts receivable and $9,385 of cash which can be assumed to be proceeds of accounts receivable ("Cash Collateral"). Debtor requires the use of this Cash Collateral to maintain and operate its business during this Case. Debtor began using Cash Collateral at a time when FBOL had agreed to limited use of $40,000 of Cash Collateral subject to Court approval of a stipulation. Although Debtor now understands that no use of Cash Collateral was permissible absent a Court order, Debtor misunderstood the status of Cash Collateral use and has now negotiated the Stipulation to address these issues. As of July 2, 2025, Debtor had $166,000 of accounts receivable and approximately $26,000 of cash. Debtor projects its operations will generate an average of $170,000 of accounts receivable per month post-petition which will provide more than adequate collateral for replacement Post-Petition Liens to cover the

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

---

[3] Expert Staffing filed a UCC-1 on February 3, 2025. Expert Staffing was never granted a security interest in any assets by the Debtor. A default judgment was entered against Debtor and in favor of Expert Staffing on December 18, 2024 for $277,411.81.

MOTION TO APPROVE CASH COLLATERAL STIPULATION

Docusign Envelope ID: C92316B1-E931-4EAF-B 16-BFBF6BDEA89B

Cash Collateral proposed to be used. Given the income generated by operations, the Debtor submits that the interests of FBOL are adequately protected by the Post-Petition Liens.

8.    The Debtor is negotiating with FBOL for continued use of cash collateral in-line with the Budget during this Case. The Debtor is also negotiating with its landlord, Hagan Capital LLC ("Hagan"), for post-petition rent payments and terms for post-confirmation rent terms. The course of this Case will depend in part upon the terms Debtor can negotiate with Hagan. If Debtor is unable to agree with Hagan on post-petition rent, the Debtor will refocus its strategy from a restructure to a sale of its business or assets. The same is true if the Debtor cannot negotiate terms for a post-petition lease that will facilitate the long-term viability of its business. In order to maintain the value of its business for either a restructure or a sale, the Debtor requires use of its Cash Collateral to fund its operations. Any disruption to its business will cause severe harm to the estate and creditor body.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on July 7, 2025, at _____ Los Angeles _____, California.

Signed by:

_____
4A62B16FBF534B9...

OSEI APPIAGYEI

MOTION TO APPROVE CASH COLLATERAL STIPULATION

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD, SUITE 730
LOS ANGELES, CA 90025

## DECLARATION VERIFYING SOFTWARE GENERATED SIGNATURE(S)

*(Attach this declaration immediately after the signature page of any document that is being Filed and that contains a Software Generated Signature, as those terms are defined in LBR 9011-1(b).)*

I, *(print name of declarant)* Derrick Talerico_____ , declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently hereto. I am over 18 years of age.

2. I am an attorney admitted to practice in this district, or alternatively I am an attorney who has been granted leave to appear pro hac vice per LBR 2090-1.

3. As set forth in the table below, either–
     a. Oral verification: I have obtained oral verification from the following person(s), whose Software Generated Signature (as defined in LBR 9011-1(b)(4)(B)) appear(s) on the accompanying document, that the signer intended to sign this document electronically, or alternatively
     b. Explanation: I provide the following explanation why no such verification is provided (*e.g.*, that the signer is represented by a different attorney who will provide a separate declaration confirming their client's oral verification):

| | Name of signer | Date of oral* verification | -OR-   Explanation why no verification is provided |
|---|---|---|---|
| 1. | Osei Appiagyei | 07/07/2025 | ☐ See explanation below. |
| 2. | | | ☐ See explanation below. |
| 3. | | | ☐ See explanation below. |
| 4. | | | ☐ See explanation below. |
| 5. | | | ☐ See explanation below. |

Explanation(s) *(if applicable)*:

☐ see attached continuation sheet

    *Verification must be oral. For the avoidance of doubt, verification must be oral, and any written verification is insufficient even if it includes a purported holographic signature, so as to protect against persons who might have access to the hardware and software of the alleged signer and could use such access to create (A) false Software Generated Signatures and (B) false images of holographic signatures purporting to verify those electronic signatures. *See* LBR 9011-1(b)(4)(B).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/07/2025 | Derrick Talerico | /s/ Derrick Talerico |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*October 2024*                    Page 1                    **F 9011-1.SIGNATURE.VERIF.DEC**

# EXHIBIT A

# Stipulation

Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Proposed General Bankruptcy Counsel to
Chapter 11 Debtor and Debtor in Possession,
APPLIED POWDERCOAT, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 9:25-bk-10762-RC |
| APPLIED POWDERCOAT, LLC, | Chapter 11 |
| Debtor and Debtor in Possession. | Subchapter V |
| | **STIPULATION FOR ENTRY OF ORDER AUTHORIZING USE OF CASH COLLATERAL** |

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

-1-
CASH COLLATERAL STIPULATION

4909-1290-8370.1

Applied Powdercoat, LLC, a California limited liability company, the Chapter 11 debtor and debtor in possession (the "Debtor"), in the pending Chapter 11 Subchapter V bankruptcy case identified as *In Re Applied Powdercoat, LLC* (the "Bankruptcy Case") First Bank of the Lake ("FBOL," together with the Debtor, the "Parties"), by and through their under-signed counsel, hereby enter into this *Stipulation For Entry of Order Authorizing Use of Cash Collateral Liens* ("Stipulation") and represent as follows:

### RECITALS

A.  On June 6, 2025 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition under Chapter 11 of Title 11, Subchapter V, of the United States Code (beginning at 11 U.S.C. §§ 101, *et seq.*, the "Bankruptcy Code") in the above-captioned court, initiating the Bankruptcy Case.

B.  On or about August 2022, the Debtor obtained a loan in the amount of $1,281,000 from FBOL (the "Loan"). The Loan was established by a Loan Agreement and evidenced by a U.S. Small Business Administration Note (the "Note"). Per the terms of the U.S. Small Business Administration Security Agreement (the "Security Agreement"), the obligations under the Note are secured by, amongst other things, deposit accounts of Debtor (the "Security Interests"). The Security Agreement was perfected by the filing of a UCC-1 Financing Statement with the California Secretary of State as Filing Number U220208281933 on July 7, 2022.

C.  The Debtor requires the use of FBOL's Cash Collateral (as defined in Bankruptcy Code Section 363(a)) to fund its reasonable and necessary operating expenses. FBOL consent to the Debtor's use of Cash Collateral subject to the conditions set forth in this Stipulation.

D.  Debtor acknowledges that, as of July 3, 2025, Debtor has used $90,000 in Cash Collateral without approval of FBOL or the Court, as required by 11 U.S.C. section 363(c). Debtor acknowledges that by doing so, Debtor is in material violation of the requirements of 11 U.S.C. section 363.

4909-1290-8370.1

**EXHIBIT A - Page 14**

**NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE PARTIES AS FOLLOWS:**

### STIPULATION

1.      Incorporation of Recitals. The Recitals set forth above are incorporated herein by this reference and shall be deemed a material part of this Stipulation.

2.      Authorization for Limited Use of Cash Collateral.

a.      Subject to the terms and conditions of this Stipulation, the Debtor shall be entitled to use the Cash Collateral in accordance with the Budget. Specifically, the Debtor is authorized to use up to $100,000 of cash collateral for payroll and acquisition of inventory, and may use any remaining authorized cash collateral, up to the $100,000, for any other items set forth in the Budget attached hereto as **Exhibit 1**.

b.      The $100,000 use limit of cash collateral set forth in paragraph 2.a., above, may be increased by FBOL through a written stipulation signed by Debtor and FBOL, through their respective counsel and filed with the Court.  No further order of the Court shall be required to approve the increase is use of Cash Collateral.  Any increased in use shall be subject to the grant of Post-Petition Replacement Liens as set forth in paragraph 3.a, below.

c.      This stipulated use shall be deemed a cure of Debtor's violation of the section 363(c) of the Bankruptcy Code, as set forth in Recital D.

3.      Post-Petition Replacement Liens.

a.      Grant of Post-Petition Replacement Liens. FBOL shall have and is hereby granted by the Debtor, effective as of the Petition Date, post-petition security interests and replacement liens pursuant to sections 361 and 363(e) of the Bankruptcy Code ("Post-Petition Lien") in all of the Debtor's assets, including accounts receivable and inventory, and in the Debtor's DIP accounts, acquired after the Petition Date to the extent of any Cash Collateral used, with such liens being of the same extent, priority, and validity of FBOL's pre-petition Security Interests, provided however such replacement liens shall not extend to any avoiding power claims arising

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

-3-
CASH COLLATERAL STIPULATION

under the Bankruptcy Code.

b.    In the event that Borrowers receive approval of post-petition financing through the sale of accounts receivable, the Post-Petition Lien will attach to the proceeds of any such sale in an amount equal in extent and priority to the other post-petition liens as set forth in subparagraph 3(a).  Nothing in this Stipulation shall be construed as consent by FBOL, or any waiver of rights of FBOL, regarding any motion or application by Borrowers to seek Court approval for any sale or financing under sections 363 or 364 of the Bankruptcy Code, or any other rights FBOL has in the Security Interest, the Cash Collateral, or the Post-Petition Liens.

c.    <u>Automatic Perfection of Post-Petition Liens</u>. Each Post-Petition Lien shall be granted, attached, perfected, and validated by virtue of this Stipulation and the Order approving the same, without any further act required under federal, state, or local law requiring notice, filing, registration, recording, possession, or any other act to validate or perfect a security interest or lien.

d.    <u>Superpriority.</u>  Each Post-Petition Lien shall be granted priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including, without limitation, Bankruptcy Code Sections 105, 326, 328, 330, 331, 503(b), 507(a), 507(b), and 726, and shall at all times be senior to the rights of the Debtors, and any successor trustee or any creditor in this Bankruptcy Case or any subsequent proceedings under the Bankruptcy Code, including any subsequent proceeding under Chapter 7.

e.    <u>Termination</u>. Unless extended by further order of the Court, the Debtor's use of Cash Collateral in accordance with the terms and conditions discussed herein shall terminate upon the earlier of (i) an "Event of Default" as defined in Paragraph 5; or (ii) 11:59 p.m. on July 24, 2025. Upon termination, the other obligations and terms of this stipulation, except for those set forth in paragraph 2.a. and 2.b., shall survive.

4.    <u>Event of Default</u>. An event of default under this Stipulation (each, a "Default"), shall include the following:

a.    The Debtor's failure to perform or comply with any of the terms, conditions, or covenants of this Stipulation;

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

-4-
CASH COLLATERAL STIPULATION

b.  The Debtor's use of Cash Collateral exceeds the amounts provided for in this stipulation

c.  The termination of this Stipulation by its own terms, operation of law, or Court order;

d.  The dismissal of the Bankruptcy Case;

e.  The appointment of a trustee under the Bankruptcy Code; or

f.  The conversion of the Bankruptcy Case to a case under another chapter of the Bankruptcy Code.

5.  <u>Effect of Default</u>.

a.  <u>Notice of Default</u>. Following a Default under section 4(a), FBOL will provide the Debtor with written notice of any Default via email to the Debtor's counsel of record in the Bankruptcy Case (the "Notice of Default").

b.  <u>Cure of Default</u>. Upon a Default under section 5(a), the Debtor shall have seven (7) calendar days from the date of service of Notice of the Default to cure such Default and, if it does so, the Default is voided, and the Debtor may then be allowed to use Cash Collateral under the terms and conditions set forth in this Stipulation, and as provided in the Budget.

c.  <u>Rights Upon Default</u>. In the event the Debtor does not cure a Default under section 5.a of this Stipulation following receipt of the Notice of Default and expiration of the cure period specified in section 5.b above, or immediately upon any other Event of Default, the Debtor must cease all use of Cash Collateral for any purpose whatsoever. Immediately upon Default, and subject only to voiding the Default within seven (7) calendar days, as set forth in paragraph 5.b, all of the following shall be deemed to have occurred:

i.  The consent of FBOL is terminated without further notice as to the Debtor's use of Cash Collateral;

ii.  The Debtor shall not use any Cash Collateral for any purpose; and

iii.  The Debtor shall segregate all Cash Collateral in its possession or to come into its possession in the future;

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

6.      Reports and Inspection

a.   Debtor shall provide, no later than July 10, 2025, the following information to FBOL.

i.   2024 Year End Financials (Profit and Loss and Balance Sheet)

ii.  2025 Year to Date Financials (Profit and Loss and Balance Sheet)

iii. A current schedule of debts, accounts receivable, and accounts payable

iv.  A current inventory report

v.   Current WIP reports

b.   Upon reasonable notice, the Debtor agrees to permit FBOL to inspect the Debtor's business location(s), FBOL's Collateral and the books and records of the Debtor. Upon reasonable notice, FBOL, its representatives, employees, consultants and attorneys shall be granted access to the Debtor's business location(s) for purposes of inspection and appraisal, and Debtor shall advise FBOL, upon request, of the location of the Collateral and the DIP Accounts.

7.      Further Unauthorized Use of Cash Collateral.   Debtor acknowledges the prior unauthorized use of Cash Collateral as set forth in the recitals.  In the event that FBOL determines that Debtor has committed any further violations of the requirements of section 363 of the Bankruptcy Code as to its Security Interests, Cash Collateral, or Post-Petition Liens, FBOL may bring a motion to convert or dismiss this bankruptcy case.   Upon a finding by the Court that Debtor has in fact violated the requirements of section 363 of the Bankruptcy Code as to its Security Interests, Cash Collateral, or Post-Petition Liens, Debtor agrees not to contest to, and stipulates to, the conversion or dismissal of the bankruptcy case.

8.      Notice.  When notice is required in this Stipulation, it shall be delivered or served upon the Parties through the Parties' respective counsel.

9.      Binding Effect.  This Stipulation shall be binding upon the Parties and their respective successors and assigns, including any trustee appointed in the Bankruptcy Case or any subsequently converted bankruptcy case of the Debtor. This Stipulation shall also inure to the

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

4909-1290-8370.1

**EXHIBIT A - Page 18**

1   benefit of the Parties and their respective successors and assigns. This parargraph notwithstanding,

2   nothing in this Stipulation shall be prejudicial to the right of FBOL to seek adequate protection

3   payments from Debtor for the continued possession and use of of FBOL's collateral created by the

4   Security Interests, including the Cash Collateral.  This Stipulation resolves solely the issue of the

5   use of $40,000 in Cash Collateral on an exigent basis and FBOL has consent to its use solely for

6   that reason.  Nothing contained in this Stipulation shall be deemed to constitute an admission by

7   either party regarding the value of FBOL's collateral.

8       10.    <u>Jointly Negotiated Stipulation</u>. This Stipulation is the product of negotiation

9   between the Parties hereto and represents the joint, conceived, bargained-for and agreed upon

10  language mutually determined by the Parties to express their intentions in entering into this

11  Stipulation. Any ambiguity or uncertainty herein shall be deemed to be caused by, or attributable

12  to, all Parties collectively. In any action to enforce or interpret this Stipulation, it shall be construed

13  in a neutral manner and no term or condition herein shall be construed more or less favorably to

14  any one Party. Each Party will act in good faith in the performance of its obligations hereunder.

15      11.    <u>Counterparts</u>. This Stipulation may be executed in counterparts, which taken

16  together shall be considered a single document. Digital signatures shall be treated as original

17  signatures.

18      12.    <u>Consent to Entry of Order</u>.  The Parties each consent to entry of an order

19  approving this Stipulation.

20      13.    <u>Time of the Essence</u>.  Each of the Parties expressly acknowledges and agrees that

21  time is of the essence and that all dates and time periods provided for in this Stipulation are absolute

22  and final.

23

24  //

25  //

26  //

27  //

28

-7-

CASH COLLATERAL STIPULATION

4909-1290-8370.1

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

Dated:  July 3, 2025          **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**


By: _/s/ Derrick Talerico_
Derrick Talerico
Proposed General Bankruptcy Counsel for
Chapter 11 Debtor and Debtor in Possession
APPLIED POWDERCOAT, LLC


Dated:  July 3, 2025          **MILLER NASH LLP**


By: _/s/ Bernie Kornberg_
Bernie Kornberg
Counsel to First Bank of the Lake

# EXHIBIT 1

# Budget

**EXHIBIT 1 - Page 21**

**MONTHLY OPERATING BUDGET**

**Cost of Goods Sold**

| | |
|---|---:|
| Total 5000 Direct Labor | $46,286.60 |
| Total 5010 Raw Materials | $23,660.29 |
| Total 5023 Shop Supplies & Small Tools | $4,820.52 |
| Total 5024 Utilities | $17,102.43 |
| Total 5063 Postage and Shipping | $4,913.21 |
| Total 5420 Equipment Rental | $394.53 |
| **Total Cost of Goods Sold** | **$97,177.58** |

**Expenses**

| | |
|---|---:|
| Total 6025 Advertising Expenses | $2,227.14 |
| Total 6050 Insurance | $6,350.47 |
| Total 6062 Office Expenses | $1,969.31 |
| Total 6070 Professional Fees | $7,850.00 |
| Total 6080 Rent | $20,365.00 |
| Total 6090 Salary | $15,151.64 |
| Total 6100 Telephone and Fax | $964.00 |
| **Total Expenses** | **$54,877.56** |

| | |
|---|---:|
| **Total COGS and Expenses** | **$152,055.13** |

**EXHIBIT 1 - Page 22**

# EXHIBIT B

# Order

Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Proposed General Bankruptcy Counsel to
Chapter 11 Debtor and Debtor in Possession,
APPLIED POWDERCOAT, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>APPLIED POWDERCOAT, LLC,<br><br>      Debtor and Debtor in Possession. | Case No. 9:25-bk-10762-RC<br><br>Chapter 11<br><br>Subchapter V<br><br>**ORDER GRANTING STIPULATION FOR ENTRY OF ORDER AUTHORIZING USE OF CASH COLLATERAL**<br><br>Hearing:<br><br>Date:<br>Time:<br>Courtroom: 201<br>           1415 State Street<br>           Santa Barbara, CA 93101<br><br>Judge: Hon. Ronald Clifford III |

-1-
ORDER GRANTING CASH COLLATERAL STIPULATION

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

A hearing was held on July ____, 2025, at _____.m. to consider the *Motion to Approve Stipulation for Entry of an Order Authorizing Use of Cash Collateral* (the "Motion") [Dkt. ###] filed by Applied Powdercoat, LLC, the debtor and debtor-in-possession herein (the "Debtor") and the *Stipulation for Entry of Order Authorizing Use of Cash Collateral* ("Stipulation") between the Debtor and First Bank of the Lake ("FBOL") attached as **Exhibit A** to the Motion[1].  Appearances at the hearing on the Motion were as noted on the record.  The Court, having considered the Motion, the Stipulation, the arguments and representations of counsel at the hearing on the Motion, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1.      The Motion is granted and the Stipulation is approved;

2.      Debtor is authorized to use Cash Collateral as set forth in the Stipulation; and

3.      FBOL is granted Post-Petition Liens as set forth in the Stipulation.

###

---

[1] Terms not defined herein shall have the same meanings ascribed to them in the Motion and the Stipulation.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

11766 Wilshire Blvd., Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO APPROVE STIPULATION FOR ENTRY OF ORDER AUTHORIZING USE OF CASH COLLATERAL; DECLARATION OF OSSEI APPIAGYEI IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 7, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF Service List

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Pursuant to the Courtroom Policies and Procedures of the Honorable Ronald A. Clifford III, Judge's copies are not required.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 7, 2025 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

**In re APPLIED POWDERCOAT, LLC**                                    **Case No. 9:25-bk-10762-RC**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- Attorneys for Debtor Applied Powdercoat, LLC:  **Derrick Talerico**:  dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- Subchapter V Trustee:  **John-Patrick McGinnis Fritz (TR)**:  jpftrustee@lnbyg.com; jpftrustesolutions.net
- United States Trustee (ND):  ustpregion16.nd.ecf@usdoj.gov; **Brian D Fittipaldi**:  brian.fittipaldi@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**