| Attorney or Party Name, Address, Telephone & Fax Nos., State Bar No. & Email Address<br><br>Derrick Talerico - Bar #223763<br>dtalerico@wztslaw.com<br>WEINTRAUB ZOLKIN TALERICO & SELTH LLP<br>11766 Wilshire Blvd., Suite 730<br>Los Angeles, CA 90025<br>Telephone: 424-500-8552<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:*  Applied Powdercoat LLC | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION** ||
| In re:<br><br>APPLIED POWDERCOAT LLC,<br><br>     Debtor. | CASE NO. 9:35-bk-10762-RC<br><br>CHAPTER 11<br>(Subchapter V) |
| | **SUBCHAPTER V STATUS REPORT** |
| | **Status Conference**:<br><br>DATE:           September 10, 2025<br>TIME:           1:00 p.m.<br>COURTROOM:   201 |

**Status Conference Location:**

☐     255 East Temple Street, Los Angeles, CA 90012

☐     411 West Fourth Street, Santa Ana, CA 92701

☐     21041 Burbank Boulevard, Woodland Hills, CA 91367

☒     1415 State Street, Santa Barbara, CA 93101

☐     3420 Twelfth Street, Riverside, CA 92501

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                                    **F 2015-3.1.SUBV.STATUS.RPT**

- 1 -

**TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE SUBCHAPTER V TRUSTEE, ALL PARTIES IN INTEREST, AND THEIR COUNSEL:**

      **PLEASE TAKE NOTICE** that the debtor and debtor-in-possession in this case ("Debtor") is proceeding under subchapter V of chapter 11 of Title 11 of the United States Code ("Bankruptcy Code" or "U.S.C."),[1] and the Bankruptcy Court will hold a status conference at the date, time, and place set forth above. The Debtor is filing this Status Report pursuant to 11 U.S.C. § 1188(c) and LBR 2015-3(b).[2] Check your presiding judge's procedures to see if, in addition to this Status Report, you must also file Local Form F 2081-1.1.C11.STATUS.RPT, or any other form of Status Report.

**1.**    **The Plan:**

    1.1    What type of plan will the Debtor propose?

        ☐    Consensual (i.e., with agreement or consent of creditors and other interested parties)
        ☐    Nonconsensual[3]
        ☒    Undetermined

    1.2    Explain why the Debtor expects the plan to be consensual or nonconsensual, or the reason why it is undetermined at this time:

        At this point it is unclear if Debtor's senior lender, First Bank of the Lake ("FBOL") would support a restructure or would prefer a liquidation.

    1.3    Will the Debtor file the plan within the deadline of 90 days from the petition date imposed by § 1189(b)?

        ☒    Yes
        ☐    No

        If "No," explain why, and state when the Debtor will file its[4] plan:

---

[1] Subchapter V of chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020. All references to "Section" or "§" are to the Bankruptcy Code or Title 11 of the United States Code.

[2] "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188(c).

[3] The term "nonconsensual plan" for purposes of this Status Report means a plan confirmed under § 1191(b).

[4] In this Status Report, "it" in referring to the Debtor also refers to "him" or "her."

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                        **F 2015-3.1.SUBV.STATUS.RPT**
- 2 -

1.4   Please summarize the basic nature of the plan:

Debtor will relocate operations to a smaller facility at approximately half the current rent. It will sell or otherwise dispose of its conveyor systems with proceeds going to FBOL. Debtor will then propose a plan to pay outstanding secured debts at the value of the collateral plus payments to unsecured creditors consistent with section 1191.

2.   **Efforts Toward Consensual Plan:**[5]

2.1   Describe the efforts the Debtor has taken so far to obtain the consent of creditors for a consensual plan:

Debtor has had extensive conversations with FBOL including joint calls with an equipment liquidator. Debtor has sought values on its equipment from two liquidators/auctioneers. Debtor has located a new facility to move its operations and has projected a business plan that will support a confirmable plan.

2.2   Describe the efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan:

Continue open dialogue with FBOL and make sure that collateral is achieving maximum value.

2.3   Describe the efforts that Debtor has taken so far to reach out to creditors and other parties in interest about a plan, and if none, explain the Debtor's reasons for not reaching out to creditors and parties in interest about a plan:

Conversations with FBOL and Sub V trustee about the Debtor's business plan.

2.4   Identify the parties with whom the Debtor has discussed a plan. Select all that apply:

- ☒  Secured creditors
- ☐  Priority creditors
- ☐  Unsecured creditors
- ☐  Equity interest holders
- ☒  The subchapter V trustee
- ☐  Others (describe: <fill in>)

---

[5] This Status Report does not ask the Debtor to disclose any confidential, secret, and/or privileged information. *See generally* 11 U.S.C. § 1188(c). Please govern your responses accordingly.

**3.  Appointment of Committees and Disclosure Statement:**

    3.1    In the Debtor's view, is there any "cause" for the Court to order the appointment of a committee of creditors pursuant to § 1181(b) and § 1102(b)?

        ☐    Yes
        ☒    No

        Explain your answer:

        The Debtor understands what is required to be paid to unsecured creditors to confirm a plan and is openly sharing the development of that plan with FBOL and the Subchapter V trustee. This case would not support the cost of a creditors' committee.

    3.2    In the Debtor's view, is there any "cause" for the Court to order the filing of a separate disclosure statement pursuant to § 1181(b) and § 1125?

        ☐    Yes
        ☒    No

        Explain your answer:

        The plan will be relatively simple. The Debtor is eager to confirm a plan and does not want to extend the administration of the bankruptcy unnecessarily and incur the costs attendant to doing so.

**4.  Reporting Compliance:**

    4.1    Has the Debtor filed all the documents required under § 1187(a)?[6]

        ☒    Yes
        ☐    No

        If "No," identify the documents that were required to be filed[7] but were not:

        ☐    (a) the Debtor's most recent balance sheet

        ☐    (b) the most recent statement of the Debtor's operations

---

[6] The filing of this Status Report does not relieve the Debtor of the requirements of 11 U.S.C. § 1187(a) and § 1116(1)(A) to append the required documents to the bankruptcy petition.

[7] Section 1116(1) requires these documents to be "append[ed] to the voluntary petition."

  ☐ (c) the Debtor's most recent cash-flow statement

  ☐ (d) the Debtor's most recent Federal income tax return

Has the Debtor filed a statement under penalty of perjury that the Debtor has not prepared a balance sheet, statement of operations, and/or cash-flow statement and/or that Debtor has not filed its Federal income tax return as required by § 1116(1)(B)?

  ☐ Yes
  ☒ No
  ☐ Not applicable

If "Yes," identify each unprepared or unfiled document, and explain why the document was not prepared or filed and how the Debtor intends to prepare or file the document:

4.2 Has the Debtor filed all Small Business Monthly Operating Reports (Official Form B 425C) ("MORs") as required under § 308?

  ☒ Yes
  ☐ No

If "No," or if portions of the MORs are deficient, identify which portions are deficient or not reported fully:

  ☐ (a) Reports regarding Debtor's profitability

  ☐ (b) Reports regarding reasonable approximations of projected cash receipts and disbursements over a reasonable period

  ☐ (c) Reports regarding comparisons of actual cash receipts and disbursements with projections in prior reports

  ☐ (d) Reports regarding whether the Debtor is (i) in compliance in all material respects with postpetition requirements imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (ii) timely filing tax returns and other required government filings and paying taxes and other administrative expenses when due

  ☐ (e) Reports regarding Debtor's failure to make either of the reports in the immediately preceding paragraph (d) (as required by § 308(b)(5))

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*  F 2015-3.1.SUBV.STATUS.RPT
- 5 -

☐ (f) Reports regarding such other matters as are in the best interests of the Debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11

For any deficiencies in the MORs, identify each specific portion that is deficient, and explain why it is deficient and how Debtor intends to correct the deficiency:

**5.   Other Code Compliance:**

5.1   Did the Debtor attend the initial debtor interview, the § 341(a) meeting of creditors, and otherwise comply with § 1116(2)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.2   Has the Debtor filed all schedules and statements of financial affairs, or otherwise complied with exceptions or extensions in § 1116(3)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.3   Has the Debtor maintained insurance customary and appropriate to the industry, subject to § 363(c)(2), in compliance with § 1116(5)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with this requirement:

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                                 **F 2015-3.1.SUBV.STATUS.RPT**
- 6 -

5.4 Has the Debtor timely filed tax returns and other governmental filings with the appropriate governmental entities, and paid all taxes entitled to administrative expense priority required to be paid under § 1116(6)?

☒ Yes
☐ No

If "No," explain why the Debtor has not timely filed tax returns and other governmental filings or paid all required administrative expense priority taxes and when the Debtor intends to comply with these requirements:

5.5 Has the Debtor allowed the United States Trustee to inspect the Debtor's premises, books, and records, and otherwise complied with § 1116(7)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with this requirement:

The Debtor has complied with all requests from the US Trustee.

**6.    Cash Collateral:**

6.1 Does any entity assert that any property of the bankruptcy estate constitutes its cash collateral?

☒ Yes
☐ No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

First Bank of the Lake. Cash, accounts receivable, inventory, equipment.

6.2 Is the Debtor currently using, selling, and/or leasing any property of the bankruptcy estate that any entity contends is its cash collateral?

☒ Yes
☐ No

       If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

       First Bank of the Lake. Cash, accounts receivable, inventory, equipment.

6.3    Since the filing of this bankruptcy case, has the Debtor used, sold, and/or leased any property of the bankruptcy estate that an entity contends is its cash collateral?

      ☐    Yes
      ☒    No

       If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

6.4    Has the Court approved any orders authorizing the use of cash collateral?

      ☒    Yes
      ☐    No

6.5    Has every entity having any interest in cash collateral that is property of the bankruptcy estate consented to its use?

      ☒    Yes
      ☐    No
      ☐    Not applicable

**7.**    **"First Day" Motions:**

7.1    Has the Debtor filed any of the following "first day" motions, if applicable:

      ☒    Cash collateral
      ☐    DIP financing
      ☐    Prepetition non-insider wage payments
      ☐    Cash management authority
      ☐    Utilities
      ☐    Limit notice
      ☐    Joint administration
      ☐    Critical vendor
      ☐    Others (describe: <fill in>)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                    **F 2015-3.1.SUBV.STATUS.RPT**
- 8 -

      7.2    Do prepetition plan support agreements exist?

            ☐    Yes
            ☒    No

            If "Yes," attach copies to this Status Report.

**8.**    **Additional Information:**

      8.1    What additional information would the Debtor like to disclose to the Court concerning this chapter 11 case or the plan (e.g., executory contracts or unexpired leases, extending bar date for proofs of claims or interests, sale or surrender of real and/or personal property, the Debtor's exit strategy)?

Debtor was planning to relocate out of Santa Barbara, but has now determined it is necessary to stay in Santa Barbara to meet client demands and maintain needed staff. Debtor is finalizing terms on a new lease in Santa Barbara and determining the best way to extract value from the equipment it does not intend to use going forward or remove from the current leased location.

Debtor has negotiated with its current landlord for post-petition monthly rent payments of $18,500, approximately 25% less than the regular monthly rent due on the lease. Current lease payments also require "make-up" payments for forbearance offered pre-petition. Landlord has not waived its right to any rent in agreeing to accept $18,500 during this case.

*[Signature(s) on Following Page]*

Dated: August 28, 2025

Respectfully submitted,

_Derrick Talerico_____
Name of Debtor's Counsel


 /s/ Derrick Talerico_____
Signature of Debtor's Counsel

Name of Law Firm:
WEINTRAUB ZOLKIN TALERICO & SELTH LLP

Address:
11766 Wilshire Blvd., Suite 730
Los Angeles, CA 90025

Telephone number: 424-500-8552
Email Address: dtalerico@wztslaw.com

I/we declare, under penalty of perjury, that I/we have read and reviewed all of the information provided in this Status Report and that it is true, correct, and accurate.

Dated: 8/28/2025

Osei Appiagyei
_____
Name of Debtor/Debtor Representative

Manager of The Pella Group, LLC, the Manager of Applied Powdercoat, LLC
_____
Relation to Debtor

_____
Signature of Debtor/Debtor Representative

Dated: _____

N/A
_____
Name of Co-Debtor (if any)

N/A
_____
Signature of Co-Debtor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                      **F 2015-3.1.SUBV.STATUS.RPT**

- 10 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11766 Wilshire Blvd., Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **SUBCHAPTER V STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 28, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF Service List

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) July 1, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Pursuant to the Courtroom Policies and Procedures of the Honorable Ronald A. Clifford III, Judge's copies are not required.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 28, 2025 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                            **F 9013-3.1.PROOF.SERVICE**

**In re APPLIED POWDERCOAT, LLC**                                               **Case No. 9:25-bk-10762-RC**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- Attorneys for Debtor Applied Powdercoat, LLC: **Derrick Talerico**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- Subchapter V Trustee: **John-Patrick McGinnis Fritz (TR)**: jpftrustee@lnbyg.com; jpftrustesolutions.net
- Courtesy Notice/Interested Party: **Joseph Boufadel**: jboufadel@salvatoboufadel.com; gsalvato@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
- Courtesy Notice/Interested Party: **John D Faucher**: j.d.faucher@faucherlaw.com; faucherecf@gmail.com; johnd.b113858@notify.bestcase.com; p.askren@faucherlaw.com
- Attorneys for Creditor Employnet, Inc.: **Nicolino Iezza**: niezza@spiwakandiezza.com
- Attorneys for Interested Party First Bank of the Lake: **Bernard J Kornberg**: bernie.kornberg@millernash.com; edgar.rosales@millernash.com
- United States Trustee (ND): ustpregion16.nd.ecf@usdoj.gov; **Brian D Fittipaldi**: brian.fittipaldi@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**