1  JOHN-PATRICK M. FRITZ (SBN 245240)
   LEVENE, NEALE, BENDER,
2  YOO & GOLUBCHIK L.L.P.
   2818 La Cienega Avenue
3  Los Angeles, California 90034
   Telephone: (310) 229-1234
4  Facsimile: (310) 229-1244
   Email: JPF@LNBYG.COM
5
6  Subchapter V Trustee

7

8

9              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
10                  NORTHERN DIVISION

11                                    ) Case No.: 9:25-bk-10762-RC
                                      )
12  In re:                            ) Chapter 11 Case Subchapter V
                                      )
13  APPLIED POWDERCOAT, LLC,          )
                                      ) **FINAL      APPLICATION      OF**
14      Debtor and Debtor in Possession. ) **SUBCHAPTER  V  TRUSTEE  FOR**
                                      ) **APPROVAL    OF    FEES    AND**
15                                    ) **REIMBURSEMENT  OF  EXPENSES;**
                                      ) **DECLARATION   OF   JOHN-PATRICK**
16                                    ) **M. FRITZ, ESQ. IN SUPPORT**
                                      )
17                                    ) Hearing:
                                      ) Date: March 24, 2026
18                                    ) Time: 1:00 p.m.
                                      ) Place: Courtroom 201
19                                    )        1415 State Street
                                      )        Santa Barbara, CA 93101
20                                    )
                                      )
21                                    )
                                      )
22                                    )
                                      )
23                                    )
                                      )
24                                    )
                                      )
25  _____ )

26

27

28

                                1

**TO THE HONORABLE RONALD A. CLIFFORD, III, UNITED STATES BANKRUPTCY JUDGE:**

John-Patrick M. Fritz, solely in his capacity as the Subchapter V Trustee (the "Subchapter V Trustee") in the above-captioned case (the "Case") of Applied Powdercoat, LLC (the "Debtor"), the debtor in this Case, hereby respectfully submits his Final Application of Subchapter V Trustee for Approval of Fees and Reimbursement of Expenses (the "Application") for services rendered and expenses incurred during the pendency of this Case in Subchapter V of Chapter 11 from June 10, 2025, through January 20, 2026 (the "Covered Period").

## I.    INTRODUCTORY STATEMENT

The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of title 11 of the United States Code, section 101 *et seq.* (the "Bankruptcy Code") on September 11, 2024 (the "Petition Date"), and elected to proceed as a Subchapter V case. The Subchapter V Trustee was appointed by the United States Trustee on June 10, 2025, and the Court entered an order dismissing the case on January 20, 2026, with no plan confirmed.

**A.    Prior Fee Applications.**

The Subchapter V Trustee has not filed any other fee applications in this Case. This is the Subchapter V Trustee's first fee application.

**B.    Request for Allowance of Fees and Reimbursement of Expenses.**

For the Covered Period, the Subchapter V Trustee seeks Court approval of total post-petition fees in the amount of $13,000 and total post-petition expenses in the amount of $0 for total post-petition fees and expenses of $13,000. Notably, the total fees for the Covered Period are $16,550, but, as explained below, the Subchapter V Trustee volunteered to cap his recovery at $13,000. The Subchapter V Trustee has not received a retainer in this Case, and the Subchapter V Trustee has not received any payments in this Case.

Pursuant to Local Bankruptcy Rule 2016-1, by this Application, the Subchapter V Trustee requests that this Court approve the foregoing fees and expenses.

The Subchapter V Trustee has expended a total of 22.8 hours of recorded time for services rendered during the Covered Period, which amounts to a blended hourly billing rate of

1    approximately $725.88.  The Subchapter V Trustee respectfully submits that the fees incurred

2    in this Case are reasonable.

3    **C.   Proper Notice.**

4       The Subchapter V Trustee has provided proper notice of this Application through a

5    notice in compliance with Federal Rule of Bankruptcy Procedure 2002(a)(6) and L.B.R. 2016-

6    1(a)(2).

7    **II.   THIS APPLICATION COMPLIES WITH LOCAL BANKRUPTCY RULE 2016-1**

8    **A.   Brief Narrative History and Present Posture of the Case.**

9       The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter

10   11 of title 11 of the United States Code, section 101 *et seq.* (the "Bankruptcy Code") on

11   September 11, 2024 (the "Petition Date"), and elected to proceed as a Subchapter V case.  The

12   Subchapter V Trustee was appointed by the United States Trustee on June 10, 2025, and the

13   Court entered an order dismissing the case on January 20, 2026, with no plan confirmed.

14      The order of dismissal permits the Subchapter V Trustee to be paid allowed fees and

15   expenses: "After obtaining a  separate order to approve fees and costs pursuant to 11 U.S.C. §

16   330, to the extent that the Court awards such fees and costs, the [Subchapter V] Trustee shall be

17   paid the amount of $13,000, which shall be paid from the following sources in the following

18   amounts (i) $3,000, currently held as a carve out for the retain of Debtor's counsel; and (ii)

19   $10,000, currently held in the Debtor in Possession bank account."  ECF 108 (order) at 2:2-6.

20   The Subchapter V Trustee stipulated and volunteered to waive the balance of his fees and costs

21   above $13,000.  ECF 104 (stipulation) at 2.

22      **B.   Date of Appointment of the Subchapter V Trustee and Date Services**

23      **Commenced.**

24      On June 10, 2025, the United States Trustee appointed the Subchapter V Trustee, and

25   services commenced the same day.

26      **C.   Fees and Expenses Previously Requested.**

27      As discussed above, the Subchapter V Trustee has not filed any other fee applications in

28   this Case.

**D.** **Source and Amount of Cash Available to Pay the Subchapter V Trustee's Allowed Fees and Expenses.**

The Subchapter V Trustee is informed that the Debtor has $13,000 of funds available to pay the requested fees and expenses as set forth in stipulation and dismissal order. ECF 104 (stipulation) and ECF 108 (order) at 2:2-6.

**E.** **Brief Narrative Statement of Services Rendered and Time Expended, Fees Charged for Each Category and Benefits to the Estate During the Covered Period.**

When recording its time, the Subchapter V Trustee places all time entries for fees into various categories, consisting of: (1) Asset Analysis and Recovery, (2) Asset Disposition, (3) Business Operations, (4) Case Administration, (5) Claims Administration and Objections, (6) Employee Benefits/Pensions, (7) Fee/Employment Applications, (8) Fee/Employment Objections, (9) Financing, (10) Relief From Stay, (11) Meetings of Creditors, (12) Plan and Disclosure Statement, (20) Other Litigation, and (99) Miscellaneous. Inevitably, certain time entries do not fit neatly into any one category while other time entries cross over into more than one category. The Subchapter V Trustee therefore does its best to place time entries into categories which accurately reflect the work performed.

### 1. Asset Analysis and Recovery (01)

The Subchapter V Trustee did not expend any time on services related to this category during the Covered Period.

### 2. Asset Disposition (02)

Time in this category includes the Subchapter V Trustee's efforts to discuss and analyze the Debtor's asset valuation and liquidation and possible sale by a professional liquidator. The Subchapter V Trustee's services in this category rendered an actual and necessary benefit to the estate because the value of the assets were central to the issue of a hypothetical liquidation for the best interest of creditors test if a plan were to be proposed, whether a sale should be pursued instead of a plan, and whether the collateral could or should be surrendered to the secured creditor as part of a plan.

During the covered period, the Subchapter V Trustee expended a total of 0.8 hours

performing services related to this category, or approximately 3.51% of the total services performed during the Covered Period.  The amount of fees attributable to this category during the Covered Period is $580.00.

### 3.    Business Operations (03)

Time in this category includes the Subchapter V Trustee's efforts to analyze Debtor's stipulation with its landlord on rent, which rendered an actual and necessary benefit to the estate because the Debtor's continuing operations in its original location was necessary to preserve going-concern value in the short run, while the Debtor explored restructuring strategies that included moving its operations in an organized and coordinated fashion, thereby preserving value for creditors in the estate.

During the covered period, the Subchapter V Trustee expended a total of 0.1 hours performing services related to this category, or approximately 0.44% of the total services performed during the Covered Period.  The amount of fees attributable to this category during the Covered Period is $72.50.

### 4.    Case Administration (04)

Time in this category includes the Subchapter V Trustee's efforts to discuss the case with Debtor's counsel, creditors, creditor's counsel, the United States Trustee, analyze status reports and monthly operating reports, and prepare for and attend chapter 11 case status conference hearings.  Time in this category also included services by the Subchapter V Trustee to discuss allegations of bad faith filing made by one creditor against the Debtor, and for the Subchapter V Trustee to address those concerns with Debtor's counsel and the Court at the status conference hearings.  Time in this category also includes services to analyze the senior secured creditor bank's motion to dismiss the case, discuss that motion with the Debtor's counsel and bank's counsel, and prepare for and attend the hearing thereon. The Subchapter V Trustee's services in this category rendered an actual and necessary benefit to the estate because these services are consistent with his duties to monitor the Case for administrative compliance and develop a working-knowledge of the Case to discuss with parties in interest and help facilitate a consensual plan, or, as an alternative, have the Case converted or dismissed. *See*, 11

U.S.C. §§ 1183(b)(1), (3), and (7).

During the covered period, the Subchapter V Trustee expended a total of 8.8 hours performing services related to this category, or approximately 38.60% of the total services performed during the Covered Period.  The amount of fees attributable to this category during the Covered Period is $6,400.00.

**5.      Claims Administration and Objections (05)**

Time in this category includes the Subchapter V Trustee's efforts to analyze the UCC-1 lien filed by creditor Expert Staffing West and prepare correspondence to creditor regarding same in light of the creditor's allegations of bad faith filing made against the Debtor.  The Subchapter V Trustee's services in this category rendered an actual and necessary benefit to the estate related to his duty to examine claims if a purpose would be served (11 U.S.C. § 1183(b)(1), incorporating § 704(a)(5)), which it was here due to the relationship between this judgment creditor and its allegations against the Debtor.

During the covered period, the Subchapter V Trustee expended a total of 0.2 hours performing services related to this category, or approximately 0.88% of the total services performed during the Covered Period.  The amount of fees attributable to this category during the Covered Period is $145.00.

**6.      Employee Benefits/Pensions (08)**

The Subchapter V Trustee did not expend any time on services related to this category during the Covered Period.

**7.      Fee/Employment Applications (07)**

The Subchapter V Trustee did not expend any time on services related to this category during the Covered Period.  The Subchapter V Trustee did not charge the estate for preparing this Application.

**8.      Fee/Employment Objections (08)**

The Subchapter V Trustee did not expend any time on services related to this category during the Covered Period.

### 9.      Financing (09)

Time in this category includes the Subchapter V Trustee's efforts to analyze Debtor's cash collateral motions and stipulation with the senior secured creditor bank, discuss the same with Debtor's counsel and bank's counsel, and prepare for and attend the hearings thereon.  The Subchapter V Trustee's services rendered an actual and necessary benefit to the estate because use of cash collateral is essential to the ongoing operations and preservation of a Debtor's value as a going concern, and cash collateral budgets often form the basis for plan projections, which can facilitate the development of a consensual plan pursuant to 11 U.S.C. § 1183(b)(7).

During the covered period, the Subchapter V Trustee expended a total of 8.8 hours performing services related to this category, or approximately 38.60% of the total services performed during the Covered Period.  The amount of fees attributable to this category during the Covered Period is $6,380.00.

### 10.      Relief from Stay (10)

The Subchapter V Trustee did not expend any time on services related to this category during the Covered Period.

### 11.      Meeting of Creditors (11)

Time in this category includes the Subchapter V Trustee's efforts to prepare for and attend the meeting of creditors under Bankruptcy Code Section 341.  The Subchapter V Trustee's services provided an actual and necessary benefit to the estate by fulfilling an important duty to investigate the assets and liabilities of the Debtor and develop a working-knowledge of the Case to discuss with parties in interest and help facilitate a consensual plan. *See*, 11 U.S.C. §§ 1183(b)(1), (3), and (7).

During the covered period, the Subchapter V Trustee expended a total of 1.2 hours performing services related to this category, or approximately 5.26% of the total services performed during the Covered Period.  The amount of fees attributable to this category during the Covered Period is $870.00.

### 12.      Plan and Disclosure Statement (12)

Time in this category reflects the Subchapter V Trustee's efforts to analyze and discuss

plan formulation issues with the Debtor and creditors in an effort to reach a consensual plan. The Subchapter V Trustee rendered an actual and necessary benefit to the estate in fulfilling a central duty of facilitating the development of a consensual plan, though no plan was confirmed in this Case.

During the covered period, the Subchapter V Trustee expended a total of 2.9 hours performing services related to this category, or approximately 12.72% of the total services performed during the Covered Period.  The amount of fees attributable to this category during the Covered Period is $2,102.50.

### 20.    Other Litigation (20)

The Subchapter V Trustee did not expend any time on services related to this category during the Covered Period.

**F.    Detailed Listing of All Time Spent by the Professional on the Matter for Which Compensation Is Sought and the Hourly Rates of Professionals.**

The Subchapter V Trustee expended a total of 22.8 hours of recorded time for services rendered during the Covered Period, which amounts to a blended hourly billing rate of approximately $725.88.  The Subchapter V Trustee respectfully submits that its fees incurred in this Case are reasonable and were necessary in order to carry out his duties and preserve the assets of the estate in the best interest of the Debtor, all creditors, and the estate.  A summary of the time expended by, and the billing rates of, the particular professionals and paraprofessionals performing services, and the total fees for services performed in this Case during the Covered Period is included in Exhibit "A" attached hereto.  As can be seen from Exhibit "A," the Subchapter V Trustee's billing statements reflect a format in which the entries are listed in chronological order by an activity code category.  Exhibit "A" includes all post-petition fees incurred for this Case.

**G.    Detailed Listing of Expenses by Category.**

Attached hereto as Exhibit "B" is a summary listing by category and an itemization of all expenses that the Subchapter V Trustee advanced on behalf of the Debtor during the Covered Period.  These include the Subchapter V Trustee's expenses incurred in printing,

photocopying, making long distance telephone calls, telecopying, mailing, and hiring messenger services. The Subchapter V Trustee generally handles regular and routine photocopying in-house for which the Subchapter V Trustee charges $0.20 per page. While the Subchapter V Trustee believes that this is less than the actual expenses incurred with regard to the photocopying machines, supplies and labor associated with providing photocopying services, this charge reflects the photocopying charge previously recommended by the OUST. The Subchapter V Trustee's printing and photocopy machines automatically record the number of prints and copies made when the person that is printing or photocopying enters the client's account number into a device attached to the printers and photocopy machines. Whenever feasible, the Subchapter V Trustee sends large copying projects to outside copy services that charge bulk rates for photocopying. In such instances, the Subchapter V Trustee charges the same amount that the Subchapter V Trustee pays the outside service.

The Subchapter V Trustee charges $1.00 per page for sending telecopies and $.20 per page for receiving telecopies which the Subchapter V Trustee believes is less than the actual expenses incurred with regard to telecopying but again is a decision by the Subchapter V Trustee to comply with the standards previously set forth by the OUST. All expenses that the Subchapter V Trustee advanced in this Case were necessarily incurred and are properly charged as administrative expenses of the Debtor's Chapter 11 estate.

**H.    Description of Professional Education and Experience.**

Mr. Fritz is a partner in the law firm of Levene, Neale, Bender, Yoo & Golubchik L.L.P., where he has practiced law almost exclusively in bankruptcy with a focus on chapter 11 since 2009. Mr. Fritz's practice has included the representation of multiple parties in bankruptcy cases, including chapter 11 debtors in possession, official committees of unsecured creditors, bankruptcy litigants, creditors, and trustees. From 2007 to 2009, Mr. Fritz served as a law clerk to the Honorable Maureen A. Tighe. In February 2020, Mr. Fritz was appointed as a case-by-case Subchapter V Trustee for the Central District of California. The Subchapter V Trustee's résumé is attached hereto as Exhibit "C."

## III.    STANDARD OF LAW

Prior to the enactment of the Bankruptcy Code, the rule with respect to compensation requests in the Ninth Circuit was that the Bankruptcy Court should award attorneys' fees in accordance with a "strict rule of economy test." In re THC Financial Corp., 659 F.2d 951, 955 n.2 (9th Cir.1981), cert. denied, 456 U.S. 977 (1982).  This is no longer the law.  The legislative history to section 330 of the Bankruptcy Code indicates that Congress was primarily concerned with protecting the public interest in the smooth, efficient operation of the bankruptcy system by encouraging competent bankruptcy specialists to remain in the field.  First National Bank of Chicago v. Committee of Creditors Holding Unsecured Claims (In re Powerline Oil Co.), 71 B.R. 767, 770 (Bankr. 9th Cir. 1986); In re Baldwin-United Corp., 79 B.R. 321, 346 (Bankr.S.D.Ohio 1987).  Toward this end, Congress specifically disavowed notions of economy of administration, and provided that compensation in bankruptcy case should be comparable to what is charged in nonbankruptcy matters.  Id. at 346.

Under the lodestar approach, the Court is to determine the number of hours reasonably expended in an attorney's representation of a debtor and multiply such number by a reasonable hourly rate for the services performed.  See Delaware Valley Citizens' Council for Clear Air, 478 U.S. at 565; In re Powerline Oil Co., 71 B.R. at 770.  A reasonable hourly rate is presumptively the rate the marketplace pays for the services rendered.  Missouri v. Jenkins by Agyei, 491 U.S. 274, 109 S.Ct. 2463, 2469 (1989); Burgess v. Klenske (In re Manoa Finance Co., Inc.) 853 F.2d 687, 691 (9th Cir.1988).  Recognizing that the determination of an appropriate "market rate" for the services of a lawyer is inherently difficult, the Supreme Court stated:

> Market prices of commodities and most services are determined by supply and demand.  In this traditional sense there is no such thing as a prevailing market rate for the service of lawyers in a particular community.  The type of services rendered by lawyers, as well as its experience, skill, and reputation, varies extensively -- even within a law firm.  Accordingly, the hourly rates of lawyers in private practice also vary widely.  The fees charged often are based on the product of hours devoted to the representation multiplied by the lawyer's customary rate.

1  Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).   The Supreme Court has stated that a

2  reasonable attorney's fee "means a fee that would have been deemed reasonable if billed to

3  affluent plaintiffs by its own attorneys."   Missouri v. Jenkins by Agyei, 109 S.Ct. at 2470

4  (quoting City of Riverside v. Rivera, 477 U.S. 561, 591 (1986) (Rehnquist, J. dissenting)).

5  Accordingly, a reasonable hourly rate is the hourly amount to which attorneys in the area with

6  comparable skill, experience and reputation typically would be entitled as compensation.  Blum

7  v. Stenson, 465 U.S. at 895 n.11.

8       The Subchapter V Trustee respectfully submits that his hourly rate and the hourly rate

9  of his paraprofessionals are reasonable and appropriate in the relevant community and in view

10  of the circumstances of this Case.  The Subchapter V Trustee's hourly rate has been approved

11  in numerous similar Chapter 11 cases.

12

13                          IV.    **CONCLUSION**

14       **WHEREFORE**, the Subchapter V Trustee respectfully requests that this Court enter an

15  order:

16       (1)     approving his voluntarily capped fees in the amount of $13,000.00 and costs of

17  $0 for the Covered Period;

18       (2)     instructing the Debtor to pay the total amount of $13,000.00 to the Subchapter V

19  Trustee; and

20       (3)     granting such other and further relief as the Court deems just and proper.

21  Dated:  February 19, 2026           JOHN-PATRICK M. FRITZ,
                                        Solely in His Capacity as Subchapter V Trustee
22

23                                      By:   */s/ John-Patrick M. Fritz*
24                                         John-Patrick M. Fritz (SBN 245240)
                                           Solely in his Capacity as Subchapter V Trustee
25
                                        LEVENE, NEALE, BENDER,
26                                      YOO & GOLUBCHIK L.L.P.

27

28

11

## DECLARATION OF JOHN-PATRICK M. FRITZ

I, John-Patrick M. Fritz, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am the Subchapter V Trustee appointed in the in the above-captioned case (the "Case") of Applied Powdercoat, LLC (the "Debtor").

3.      I am a partner of the law firm of Levene, Neale, Bender, Yoo & Golubchik L.L.P. ("LNBYG").  I am a member in good standing of the Bar of the State of California, and I am admitted to practice law before the Ninth Circuit Court of Appeals and in the District Court and Bankruptcy Court of the Central District of California.

4.      I make this Declaration in support of the Application to which this Declaration is attached.

5.      To the best of my knowledge, information and belief, all of the matters stated in the Application are true and correct, and the Application complies with all applicable statutes, rules, regulations and procedures.

6.      The amounts requested in the Application for compensation of fees and reimbursement of expenses incurred are based on my business records kept in the ordinary course of my business as a partner of LNBYG.

7.      All expenses for outside services such as photocopying services, messenger and express mail services, postage and research services (Lexis and Westlaw) for which I request reimbursement are based upon the actual expenses incurred by me as a partner at LNBYG.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of February 2026, at Los Angeles, California.


        _____/s/ John-Patrick M. Fritz_____
        JOHN-PATRICK M. FRITZ

# EXHIBIT "A"

# LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

### LAW OFFICES
**2818 La Cienega Avenue, Los Angeles, CA90034**
**Tel: 310-229-1234   Fax: 310-229-1244   Web: www.lnbyg.com   E-Mail: info@lnbyg.com**

# FEE  APPLICATION

**John-Patrick M. Fritz,**

,

**Applied Powdercoat, LLC**                                **JPF**                    **2/19/2026**
**OUR FILE #:  11005**

**PROFESSIONAL SERVICE RENDERED FROM**   **6/10/2025**   **THROUGH**   **1/20/2026**

**ATTORNEY  FEES**        **22.8**                        **16550.00**

**DETAILED ACTIVITIES**

**Applied Powdercoat, LLC**

**CASE #    11005**

2/19/2026        Page #        1

**From Date        6/10/2025**
**To Date        1/20/2026**

### 02 - ASSET DISPOSITION

7/21/2025    TELEPHONE CONFERENCE WITH DEBTOR'S COUNSEL RE VALUATION AND POSSIBLE OPTIONS FOR SALE OF EQUIPMENT OR BUSINESS

| 2827259 | JPF | 725.00 | $145.00 | 0.2 |
|---|---|---|---|---|

7/21/2025    SECOND CALL WITH DEBTOR'S COUNSEL RE VALUATION AND SALE OPTIONS

| 2827260 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

7/22/2025    TELEPHONE CONFERENCE WITH DEBTOR'S COUNSEL RE POSSIBLE SALE OF BUSINESS OR SALE OF EQUIPMENT

| 2827470 | JPF | 725.00 | $290.00 | 0.4 |
|---|---|---|---|---|

7/30/2025    ANALYSIS OF CORRESPONDENCE FROM ONYX RE POSSIBLE SALE AND VALUATION OF DEBTOR'S ASSETS AND EQUIPMENT

| 2829530 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

|  |  | Total | $580.00 | 0.8 |
|---|---|---|---|---|

### 03 - BUSINESS OPERATIONS

10/29/2025    ANALYSIS OF LANDLORD STIPULATION ON RENT

| 2852431 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

|  |  | Total | $72.50 | 0.1 |
|---|---|---|---|---|

### 04 - CASE ADMINISTRATION

6/10/2025    ANALYSIS OF CORRESPONDENCE FROM UST RE SETTING INITIAL DEBTOR INTERVIEW AND REQUIRED REPORTING COMPLIANCE

| 2816789 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

6/26/2025    APPEARANCE AT INITIAL DEBTOR INTERVIEW

| 2820802 | JPF | 725.00 | $580.00 | 0.8 |
|---|---|---|---|---|

7/8/2025    TELEPHONE CONFERENCE WITH TIM BRIGHT RE CONCERNS ABOUT THE CASE AND REPAYMENT OF CREDITORS

| 2824341 | JPF | 725.00 | $362.50 | 0.5 |
|---|---|---|---|---|

7/9/2025    ANALYSIS OF LETTER FROM CREDITOR EXPERT STAFFING RE CONCERNS ABOUT BAD FAITH FILING

| 2824630 | JPF | 725.00 | $145.00 | 0.2 |
|---|---|---|---|---|

**DETAILED ACTIVITIES**

**Applied Powdercoat, LLC**

**CASE #      11005**

2/19/2026        Page #        2

From Date        6/10/2025
To Date        1/20/2026

7/15/2025   TELEPHONE CONFERENCE WITH TED BRIGHT FROM EXPERT STAFFING RE CASE GENERALLY

| 2825757 | JPF | 725.00 | $435.00 | 0.6 |
|---|---|---|---|---|

7/21/2025   CONFERENCE WITH DEBTOR'S COUNSEL, AUCTIONEER, BANK'S COUNSEL RE POSSIBLE SALE OF DEBTOR'S ASSETS

| 2827348 | JPF | 725.00 | $217.50 | 0.3 |
|---|---|---|---|---|

8/27/2025   ANALYSIS OF DEBTOR'S 2023 TAX RETURN

| 2836975 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

8/29/2025   ANALYSIS OF CH.11 STATUS REPORT

| 2837711 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

8/29/2025   ANALYSIS OF JUNE MONTHLY OPERATING REPORT

| 2837718 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

8/29/2025   ANALYSIS OF JULY MONTHLY OPERATING REPORT

| 2837719 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

9/10/2025   TELEPHONE CONFERENCE WITH DEBTOR'S COUNSEL RE STATUS OF CASE, PLAN FORMULATION ISSUES, AND EXTENSION OF DEADLINE TO FILE A PLAN

| 2841128 | JPF | 725.00 | $217.50 | 0.3 |
|---|---|---|---|---|

9/10/2025   ANALYSIS OF CH.11 STATUS REPORT TO PREPARE FOR HEARING

| 2841129 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

9/10/2025   APPEARANCE AT HEARING ON CH.11 STATUS CONFERENCE

| 2841243 | JPF | 725.00 | $362.50 | 0.5 |
|---|---|---|---|---|

10/29/2025   ANALYSIS OF MONTHLY OPERATING REPORT AUGUST 2025

| 2852430 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

11/19/2025   ANALYSIS OF COURT TENTATIVE RULING ON MOTION TO DISMISS CASE

| 2858759 | JPF | 725.00 | $145.00 | 0.2 |
|---|---|---|---|---|

11/19/2025   ANALYSIS OF DEBTOR'S OPPOSITION TO BANK'S MOTION TO DISMISS CASE

| 2858760 | JPF | 725.00 | $217.50 | 0.3 |
|---|---|---|---|---|

**DETAILED ACTIVITIES**

**Applied Powdercoat, LLC**

**CASE #      11005**

| | | | | |
|---|---|---|---|---|
| | | 2/19/2026 | Page # | **3** |
| | | **From Date** | **6/10/2025** | |
| | | **To Date** | **1/20/2026** | |

11/19/2025    TELEPHONE CONFERENCE WITH DEBTOR'S COUNSEL RE COURT TENTATIVE RULING ON MOTION TO DISMISS CASE, LEASE PROSPECTS, AND PLAN PROSPECTS

| 2858761 | JPF | 725.00 | $217.50 | 0.3 |
|---|---|---|---|---|

11/19/2025    APPEARANCE AT HEARING ON STATUS CONFERENCE AND MOTION TO DISMISS CASE

| 2858806 | JPF | 725.00 | $290.00 | 0.4 |
|---|---|---|---|---|

12/10/2025    ANALYSIS OF DEBTOR'S STATUS REPORT AND OPPOSITION TO DISMISSAL OF THE CASE

| 2864677 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

12/10/2025    APPEARANCE AT HEARING ON BANK'S MOTION TO DISMISS CASE, STATUS CONFERENCE, AND CASH COLLATERAL

| 2864796 | JPF | 725.00 | $2,175.00 | 3.0 |
|---|---|---|---|---|

12/10/2025    TELEPHONE CONFERENCE WITH DEBTOR'S COUNSEL RE RESULTS OF HEARING TO DISMISS CASE

| 2864797 | JPF | 725.00 | $145.00 | 0.2 |
|---|---|---|---|---|

1/6/2026    CONFERENCE WITH DEBTOR'S COUNSEL AND BANK'S COUNSEL RE DISMISSAL OF CASE

| 2871421 | JPF | 775.00 | $310.00 | 0.4 |
|---|---|---|---|---|

| | | **Total** | **$6,400.00** | **8.8** |
|---|---|---|---|---|

**05 - CLAIMS ADMIN. AND OBJECTIONS**

7/10/2025    PREPARATION OF CORRESPONDENCE TO EXPERT STAFFING RE QUESTIONS ON ALLEGED SECURED CLAIM

| 2824900 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

7/15/2025    ANALYSIS OF FILED UCC-1, WRIT OF EXECUTION, AND RECORDED JUDGMENT OF EXPERT STAFFING WEST

| 2825758 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

| | | **Total** | **$145.00** | **0.2** |
|---|---|---|---|---|

**09 - FINANCING**

6/16/2025    ANALYSIS OF CORRESPONDENCE FROM DEBTOR'S COUNSEL RE USE OF CASH COLLATERAL

| 2817052 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

7/10/2025    ANALYSIS OF NOTICE OF CASH COLLATERAL HEARING

| 2824894 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

# DETAILED ACTIVITIES

**Applied Powdercoat, LLC**

**CASE #    11005**

| | | 2/19/2026 | Page # | 4 |
|---|---|---|---|---|
| | | From Date | 6/10/2025 | |
| | | To Date | 1/20/2026 | |

7/10/2025   ANALYSIS OF CASH COLLATERAL MOTION WITH ATTACHED BUDGET AND STIPULATION

| 2824896 | JPF | 725.00 | $290.00 | 0.4 |
|---|---|---|---|---|

7/10/2025   TELEPHONE CONFERENCE WITH BERNIE KORNBERG RE CASH COLLATERAL MOTION

| 2824897 | JPF | 725.00 | $217.50 | 0.3 |
|---|---|---|---|---|

7/10/2025   TELEPHONE CONFERENCE WITH TO LEE MACKAY, COUNSEL TO LANDLORD, RE CASH COLLATERAL MOTION

| 2824898 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

7/10/2025   PREPARATION OF CORRESPONDENCE TO LEE MACKAY, COUNSEL TO LANDLORD, RE CASH COLLATERAL MOTION

| 2824899 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

7/10/2025   TELEPHONE CONFERENCE WITH DEBTOR'S COUNSEL RE CASH COLLATERAL MOTION

| 2824901 | JPF | 725.00 | $217.50 | 0.3 |
|---|---|---|---|---|

7/10/2025   TELEPHONE CONFERENCE WITH LANDLORD'S COUNSEL RE CASH COLLATERAL MOTION

| 2824934 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

7/11/2025   APPEARANCE AT HEARING ON CASH COLLATERAL USE AND STIPULATION

| 2824979 | JPF | 725.00 | $870.00 | 1.2 |
|---|---|---|---|---|

7/11/2025   TELEPHONE CONFERENCE WITH DERRICK TALERICO RE CASH COLLATERAL HEARING RESULTS

| 2824980 | JPF | 725.00 | $145.00 | 0.2 |
|---|---|---|---|---|

7/14/2025   TELEPHONE CONFERENCE WITH BANK'S COUNSEL RE CASH COLLATERAL BUDGET

| 2825414 | JPF | 725.00 | $217.50 | 0.3 |
|---|---|---|---|---|

7/15/2025   TELEPHONE CONFERENCE WITH BANK'S COUNSEL RE CASH COLLATERAL

| 2825754 | JPF | 725.00 | $145.00 | 0.2 |
|---|---|---|---|---|

7/15/2025   TELEPHONE CONFERENCE WITH DEBTOR'S COUNSEL AND BANK'S COUNSEL RE CASH COLLATERAL USE

| 2825756 | JPF | 725.00 | $652.50 | 0.9 |
|---|---|---|---|---|

7/15/2025   APPEARANCE AT HEARING ON CASH COLLATERAL MOTION

| 2825889 | JPF | 725.00 | $1,087.50 | 1.5 |
|---|---|---|---|---|

# DETAILED ACTIVITIES

**Applied Powdercoat, LLC**

**CASE #    11005**

| | | | | |
|---|---|---|---|---|
| | | 2/19/2026 | Page # | 5 |
| | | From Date | 6/10/2025 | |
| | | To Date | 1/20/2026 | |

7/21/2025   PREPARATION OF REDLINE REVISIONS ON CASH COLLATERAL PROPOSED ORDER

| 2827101 | JPF | 725.00 | $145.00 | 0.2 |
|---|---|---|---|---|

7/21/2025   **EMAIL OR TEXT EXCHANGE WITH** DEBTOR'S COUNSEL RE CASH COLLATERAL PROPOSED ORDER

| 2827102 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

7/21/2025   FURTHER EMAIL EXCHANGE WITH DEBTOR'S COUNSEL RE CASH COLLATERAL PROPOSED ORDER

| 2827103 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

8/27/2025   ANALYSIS OF UPDATED SEPTEMBER CASH COLLATERAL BUDGET

| 2836974 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

9/4/2025   ANALYSIS OF SEPTEMBER CASH COLLATERAL STIPULATION

| 2839219 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

10/6/2025   ANALYSIS OF CORRESPONDENCE FROM DEBTOR'S COUNSEL RE CASH COLLATERAL BUDGET

| 2846814 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

10/6/2025   ANALYSIS OF CORRESPONDENCE FROM BANK'S COUNSEL RE CASH COLLATERAL BUDGET AND PLAN TREATMENT

| 2846815 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

10/20/2025   ANALYSIS OF OCTOBER CASH COLLATERAL STIPULATION WITH DEBTOR AND BANK

| 2850320 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

11/4/2025   TELEPHONE CONFERENCE WITH DERRICK TALERICO RE PLAN, CASH COLLATERAL USE, AND LANDLORD CLAIM

| 2853953 | JPF | 725.00 | $217.50 | 0.3 |
|---|---|---|---|---|

11/6/2025   ANALYSIS OF EMERGENCY CASH COLLATERAL MOTION AND BUDGET

| 2855129 | JPF | 725.00 | $217.50 | 0.3 |
|---|---|---|---|---|

11/7/2025   APPEARANCE AT HEARING ON CASH COLLATERAL USE

| 2855681 | JPF | 725.00 | $725.00 | 1.0 |
|---|---|---|---|---|

11/7/2025   TELEPHONE CONFERENCE WITH DEBTOR'S COUNSEL AFTER HEARING ON CASH COLLATERAL USE

| 2855682 | JPF | 725.00 | $145.00 | 0.2 |
|---|---|---|---|---|

**DETAILED ACTIVITIES**

**Applied Powdercoat, LLC**

**CASE #     11005**

| | | | | |
|---|---|---|---|---|
| | 2/19/2026 | Page # | | 6 |
| | From Date | | 6/10/2025 | |
| | To Date | | 1/20/2026 | |

12/10/2025  TELEPHONE CONFERENCE WITH DEBTOR'S COUNSEL RE CASH COLLATERAL AND
REORGANIZATION PROSPECTS

| 2864699 | JPF | 725.00 | $217.50 | 0.3 |
|---|---|---|---|---|
| | | **Total** | **$6,380.00** | **8.8** |

**11 ‑ MEETINGS OF CREDITORS**

7/2/2025  PREPARATION FOR MEETING OF CREDITORS

| 2823144 | JPF | 725.00 | $145.00 | 0.2 |
|---|---|---|---|---|

7/2/2025  APPEARANCE AT MEETING OF CREDITORS

| 2823148 | JPF | 725.00 | $725.00 | 1.0 |
|---|---|---|---|---|
| | | **Total** | **$870.00** | **1.2** |

**12 ‑ PLAN AND DISCLOSURE STATEMENT**

9/10/2025  ANALYSIS OF DEBTOR'S MOTION TO EXTEND PLAN FILING DEADLINE

| 2841130 | JPF | 725.00 | $145.00 | 0.2 |
|---|---|---|---|---|

9/10/2025  PREPARATION OF CORRESPONDENCE TO DEBTOR'S COUNSEL RE MOTION TO EXTEND PLAN
FILING DEADLINE

| 2841193 | JPF | 725.00 | $72.50 | 0.1 |
|---|---|---|---|---|

10/22/2025  TELEPHONE CONFERENCE WITH DERRICK TALERICO RE PLAN ISSUES, BANK, AND LANDLORD
CONCERNS

| 2850953 | JPF | 725.00 | $217.50 | 0.3 |
|---|---|---|---|---|

11/4/2025  TELEPHONE CONFERENCE WITH DERRICK TALERICO RE PLAN AND UPCOMING CH.11 STATUS
CONFERENCE

| 2853919 | JPF | 725.00 | $145.00 | 0.2 |
|---|---|---|---|---|

11/4/2025  ANALYSIS OF COURT'S TENTATIVE RULING ON DEBTOR MOTION TO EXTEND DEADLINE TO FILE
PLAN

| 2853922 | JPF | 725.00 | $217.50 | 0.3 |
|---|---|---|---|---|

11/4/2025  APPEARANCE AT HEARING ON DEBTOR'S MOTION TO EXTEND PLAN FILING DEADLINE

| 2853923 | JPF | 725.00 | $580.00 | 0.8 |
|---|---|---|---|---|

11/6/2025  CONFERENCE WITH DEBTOR'S COUNSEL AND BANK COUNSEL RE PLAN AND CASH
COLLATERAL

| 2855493 | JPF | 725.00 | $435.00 | 0.6 |
|---|---|---|---|---|

**Applied Powdercoat, LLC**

**CASE #   11005**

2/19/2026          Page #          7

From Date          6/10/2025
To Date          1/20/2026

11/6/2025   CONFERENCE WITH DEBTOR'S COUNSEL RE PLAN

| | | | | |
|---|---|---|---|---|
| 2855494 | JPF | 725.00 | $290.00 | 0.4 |
| | | Total | $2,102.50 | 2.9 |

## INDIVIDUAL ACTIVITIES

2/19/2026        Page        1

**Applied Powdercoat, LLC**
**CASE #    11005**

### SERVICE RENDERED FROM    6/10/2025    THROUGH    1/20/2026

### 02 - ASSET DISPOSITION

| | | | |
|---|---|---|---|
| JPF | 0.8 | 725.00 | $580.00 |
| **Total Hours** | **0.8** | **Total Fees** | **$580.00** |

# INDIVIDUAL ACTIVITIES

**Applied Powdercoat, LLC**
**CASE #     11005**

**SERVICE RENDERED FROM    6/10/2025      THROUGH    1/20/2026**

### 03 - BUSINESS OPERATIONS

| | | | |
|---|---|---|---|
| JPF | 0.1 | 725.00 | $72.50 |
| **Total Hours** | **0.1** | **Total Fees** | **$72.50** |

# INDIVIDUAL ACTIVITIES

2/19/2026    Page    3

**Applied Powdercoat, LLC**
**CASE #    11005**

### SERVICE RENDERED FROM    6/10/2025    THROUGH    1/20/2026

### 04 - CASE ADMINISTRATION

| | | | |
|---|---|---|---|
| JPF | 8.4 | 725.00 | $6,090.00 |
| JPF | 0.4 | 775.00 | $310.00 |
| **Total Hours** | **8.8** | **Total Fees** | **$6,400.00** |

# INDIVIDUAL ACTIVITIES

2/19/2026        Page        4

**Applied Powdercoat, LLC**
**CASE  #     11005**

### SERVICE RENDERED FROM    6/10/2025        THROUGH    1/20/2026

### 05 - CLAIMS ADMIN. AND OBJECTIONS

| | | | |
|---|---|---|---|
| JPF | 0.2 | 725.00 | $145.00 |
| **Total Hours** | **0.2** | **Total Fees** | **$145.00** |

# INDIVIDUAL ACTIVITIES

2/19/2026     Page     5

**Applied Powdercoat, LLC**
**CASE  #     11005**

### SERVICE RENDERED FROM   6/10/2025     THROUGH   1/20/2026

### 09 - FINANCING

| | | | |
|---|---|---|---|
| JPF | 8.8 | 725.00 | $6,380.00 |
| **Total Hours** | **8.8** | **Total Fees** | **$6,380.00** |

# INDIVIDUAL ACTIVITIES

2/19/2026        Page        6

**Applied Powdercoat, LLC**
**CASE  #     11005**

**SERVICE RENDERED FROM     6/10/2025        THROUGH     1/20/2026**

### 11 - MEETINGS OF CREDITORS

| | | | |
|---|---|---|---|
| JPF | 1.2 | 725.00 | $870.00 |
| **Total Hours** | **1.2** | **Total Fees** | **$870.00** |

# INDIVIDUAL ACTIVITIES

2/19/2026    Page    7

**Applied Powdercoat, LLC**
**CASE #    11005**

### SERVICE RENDERED FROM    6/10/2025    THROUGH    1/20/2026

### 12 - PLAN AND DISCLOSURE STATEMENT

| | | | |
|---|---|---|---|
| JPF | 2.9 | 725.00 | $2,102.50 |
| **Total Hours** | **2.9** | **Total Fees** | **$2,102.50** |

# PROFESSIONAL ACTIVITY SUMMARY

**Applied Powdercoat, LLC**                                        **2/19/2026**

**CASE #  11005**

| | | From Date | 6/10/2025 |
| | | To Date | 1/20/2026 |

| JPF | 22.4 | Hours @ | 725.00 | $16,240.00 |
|-----|------|---------|--------|------------|
| JPF | 0.4 | Hours @ | 775.00 | $310.00 |
| **Total Hours** | **22.8** | | **Total Fees** | **$16,550.00** |

# ACTIVITY SUMMARY

**Applied Powdercoat, LLC**

**2/19/2026**

**CASE #  11005**

From Date  6/10/2025

To Date  1/20/2026

| DESCRIPTION | FEES |
|---|---|
| ASSET DISPOSITION | $580.00 |
| BUSINESS OPERATIONS | $72.50 |
| CASE ADMINISTRATION | $6,400.00 |
| CLAIMS ADMIN. AND OBJECTIONS | $145.00 |
| FINANCING | $6,380.00 |
| MEETINGS OF CREDITORS | $870.00 |
| PLAN AND DISCLOSURE | $2,102.50 |
| **TOTAL FEES** | **$16,550.00** |

# EXHIBIT "B"

(NOT APPLICABLE)

# EXHIBIT "C"

# LNBY&G
**LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.**
LAW OFFICES

## PROFESSIONAL RÉSUMÉ

**JOHN-PATRICK M. FRITZ** was named a partner at Levene, Neale, Bender, Yoo & Golubchik L.L.P. in January 2016.  Mr. Fritz advises clients as chapter 11 debtors in possession, purchasers, post-petition lenders, creditors, committees, and litigants in bankruptcy related matters.  Mr. Fritz is also a Subchapter V Trustee for Chapter 11 Small Business Reorganizations.

Mr. Fritz represents clients in all industries, including start-ups, intellectual property-based companies, hotels and hospitality, commercial real estate, food produc-tion, restaurants, retail, manufacturing, construction, and entertainment and film.  Combining multi-faceted experience with innovation, Mr. Fritz employs a goal-oriented approach to achieve successful results, whether as counsel to a company reorganizing its affairs, a creditor navigating its best recovery, or as Trustee mediating a reorganization between debtor and creditor parties.

For many years, Mr. Fritz has served on the board of directors for the Los Angeles Bankruptcy Forum, the board of governors and executive committee of the Financial Lawyers Conference, and the advisory board for the American Bankruptcy Institute's annual Bankruptcy Battleground West program.  Mr. Fritz is a regular panel speaker on bankruptcy and restructuring issues for various professional and business organi-zations, and he has received the honor of being named a "Super Lawyer" and "Rising Star" by *Super Lawyers* magazine.

Mr. Fritz served as a judicial law clerk to the Hon. Maureen A. Tighe for two years, from 2007 to 2009, before joining the firm as an associate in 2009.  Mr. Fritz gradu-ated Tufts University, *cum laude,* with honors, and Southwestern Law School, *magna cum laude,* in the top 5% of his class.  Mr. Fritz studied abroad for one year in Kyoto, worked for the Japanese government in Japan for two years, and is proficient in Japanese.



**JOHN-PATRICK M. FRITZ**
jpf@lnbyg.com

**JOHN-PATRICK M. FRITZ**  ATTORNEY AT LAW
EMAIL: JPF@LNBYG.COM  DIRECT: 310.229.3395

2818 LA CIENEGA AVENUE, LOS ANGELES, CA  90034
MAIN: 310.229.1234  FAX: 310.229.1244  **LNBYG.COM**

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled (*specify*): **Final Application Of Subchapter V Trustee For Approval Of Fees And Reimbursement Of Expenses; Declaration Of John-Patrick M. Fritz, Esq. In Support**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 19, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 19, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
☐  Service information continued on attached page

|  | *Debtor*<br>*Applied Powdercoat, LLC*<br>*Attn Osei Appiagyei*<br>*3101 Camino del Sol*<br>*Oxnard, CA 93030* |  |
|---|---|---|

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 19, 2026,, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 19, 2026, | Jason Klassi | */s/ Jason Klassi* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                         **F 9013-3.1.PROOF.SERVICE**

- Joseph Boufadel    jboufadel@salvatoboufadel.com,
  Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- John D Faucher    j.d.faucher@faucherlaw.com,
  faucherecf@gmail.com;faucher.johnd.b113858@notify.bestcase.com;p.askren@faucherlaw.com
- Brian David Fittipaldi    brian.fittipaldi@usdoj.gov
- John-Patrick McGinnis Fritz (TR)    jpftrustee@lnbyg.com, jpf@trustesolutions.net
- Nicolino Iezza    niezza@spiwakandiezza.com
- Bernard J Kornberg    bernie.kornberg@millernash.com, edgar.rosales@millernash.com
- Paige T Rolfe    prolfe@wztslaw.com,
  maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- Derrick Talerico    dtalerico@wztslaw.com,
  maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
-